## CHARLES W. YORK *vs.* JOSEPH W. PEASE.

A plaintiff, who, in proving his case, introduces evidence to disprove the defence set up in the answer, is not entitled, as a matter of right, to introduce further evidence to the same point, in rebuttal of the defendant's case; and, as a general rule, should not be allowed to introduce such further evidence.

Allowing a party to put leading questions to his own witness is within the discretion of the presiding judge, and not subject to exception.

In an action of slander for charging an infant with larceny, evidence of a previous quarrel between the defendant and the plaintiff's father and next friend, is inadmissible to prove malice in the defendant towards the plaintiff.

Words spoken in good faith and within the scope of his defence, by a party on trial before a church meeting, are privileged, and do not render him liable to an action, although they disparage private character.

ACTION OF TORT, brought by an infant, by Dr. Simeon D. York, his father and next friend, for slander, in charging the plaintiff with larceny, by the following words : " The trouble was instigated by Dr. York. I discharged his boy for being dishonest, for stealing. He stole money from me, and I turned him away." Answer, that the words " were true, and spoken for justifiable ends."

At the trial in the court of common pleas, before *Bishop*, J. the plaintiff introduced evidence tending to show that the words were spoken by the defendant, after his trial before a church meeting, on charges, preferred against him by Dr. York and others, of falsehood and dishonesty in his business dealings, and after a vote of the church had been passed, accepting the report of the committee of the church, excluding the defendant therefrom. The defendant introduced evidence tending to show that the words were spoken before the vote was taken, and after the meeting, at the request of one of its members, had granted the defendant permission to be heard. The plaintiff then offered several witnesses, who had not previously testified, to rebut the defendant's testimony, and " establish the fact, beyond controversy," that the words were spoken after the vote of expulsion from the church ; but the judge ruled that this testimony was cumulative, and inadmissible at this stage of the trial.

The *prochein ami* having been called as a witness for the

defendant, the defendant proceeded to examine him by putting leading questions, as upon cross-examination, although he had manifested no unwillingness to answer. The plaintiff objected to this mode of examination; but his objections were overruled.

To prove malice on the part of defendant, and the origin of the trouble, the plaintiff asked this witness if there had not been some previous difficulty between him (the witness) and the defendant. To this question the defendant objected, and the judge ruled it inadmissible.

The plaintiff contended that the words spoken had no relation to the charges preferred against him, before the meeting of the church, and were therefore not a privileged communication or justifiable, and requested the judge so to instruct the jury. But the judge declined to give such instructions; and did instruct the jury that if the words were spoken during the progress of the trial, and in good faith, for the purposes of his defence, they were privileged.

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*R. B. Caverly*, for the plaintiff.

*B. F. Butler*, for the defendant.

Bigelow, J. 1. The plaintiff, in proving his *prima facie* case, offered evidence to show that the words alleged to be slanderous were not spoken under circumstances which would bring them within the rule touching privileged communications. He was not bound to do this; but, in the exercise of his own discretion, he saw fit thus far to anticipate the defence. Having thus opened this part of the case, and introduced as much evidence respecting it as he deemed expedient, he could not afterwards claim, as a matter of right, to accumulate testimony upon the same point. It was then a mere matter of discretion, with the judge who presided at the trial, to admit or reject the evidence, to the exercise of which no exception can be taken. 1 Greenl. Ev. §§ 74, 431. *Browne* v. *Murray*, Ry. & Mood. 254. As a general rule in the conduct of trials, if a party elects to proceed in the first instance with proof to anticipate the defence, he should not afterwards be allowed to offer evidence on the same

point, in reply to the case made by the testimony of the defendant. To permit a party thus to divide his case leads to confusion, and gives him an unfair advantage over his adversary.

2. When, and under what circumstances, a party may be allowed to put leading questions to his own witness, is also a matter of discretion, resting solely with the judge before whom the trial is had, and is not subject to revision or exception *Moody* v. *Rowell*, 17 Pick. 498. 1 Greenl. Ev. § 435. The questions put to the *prochein ami* by the defendant come clearly within this rule.

3. Evidence of a quarrel between the *prochein ami* and the defendant was wholly immaterial to the plaintiff's case, and had no legal tendency to establish the existence of malice on the part of the defendant towards the plaintiff. Having been offered for this purpose only, we think it was rightly rejected.

4. We can see no valid ground of objection to the instructions given by the court to the jury. The defendant was before a *quasi* judicial tribunal, upon trial for alleged offences against good morals, and conduct inconsistent with his religious profession. Under such circumstances, he was entitled to make a full defence, and should be allowed great latitude, so long as he acted in good faith, and within the fair scope of repelling and refuting the charges brought against him. His object was to show that the charges originated in a grudge of the plaintiff's father, occasioned by the defendant's having discharged his son for larceny, and so were malicious and unfounded. This was clearly within the scope of his defence. A party, making such proceedings the vehicle of scandal, ought not to be protected by law. But, so long as he confines himself to the subject matter of his defence, and uses no language which is not pertinent thereto, then, although he may incidentally disparage private character, he ought not to be answerable therefor in an action for damages. *Farnsworth* v. *Storrs*, 5 Cush. 412, 416. The instructions given to the jury were substantially in accordance with these principles. *Exceptions overruled.*